UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re                                                 Chapter 7

Dennis E. Hecker,

      Debtor.

---

Randall L. Seaver, Trustee,

      Plaintiff,                                      Adv. No.: 11-05016

vs.                                                               **ANSWER**

World Omni Financial Corp.,

      Defendant.

---

Defendant World Omni Financial Corp. ("WOFCO") for its Answer to Plaintiff's Complaint states and alleges as follows:

## **GENERAL DENIAL**

WOFCO denies each and every allegation set forth in Plaintiff's Complaint unless specifically admitted herein.

## **ANSWER**

1.     WOFCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.     WOFCO admits the allegations in Paragraph 2 of Plaintiff's Complaint.

3.     In response to Paragraph 3 of Plaintiff's Complaint, WOFCO denies Plaintiff's characterization of WOFCO and affirmatively states that WOFCO was incorporated in 1982 and

is a wholly owned subsidiary of JM Family Enterprises, Inc., with offices located at 190 Jim Moran Blvd., Deerfield Beach, FL.

4. In response to Paragraph 4 of Plaintiff's Complaint, WOFCO denies Plaintiff's characterization of WOFCO, its affiliates, their business and alleged relationships with the Debtor, his business entities and dealerships.

5. In response to Paragraph 5 of Plaintiff's Complaint, WOFCO denies that it administered or participated in a warranty program. WOFCO states that on or about December 20, 2006, it made a loan to Lake County Auto Center, Inc. which loan was evidenced by, among other things, Lake Country Auto Center, Inc.'s Promissory Note to WOFCO in the amount of $1,435,000, and on or about September 12, 2008, WOFCO made a loan to Lake Country Auto Center, Inc. which loan was evidenced by, among other things, Lake Country Auto Center, Inc.'s Promissory Note to WOFCO in the amount of $2,000,000.

6. WOFCO denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7. WOFCO denies the allegations in Paragraph 7 of Plaintiff's Complaint and denies that it is an "insider."

8. In response to Paragraph 8 of Plaintiff's Complaint, WOFCO restates its responses to Paragraphs 1-7 of Plaintiff's Complaint as if fully stated herein.

9. WOFCO denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. WOFCO denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. WOFCO denies the allegations in Paragraph 11 of Plaintiff's Complaint.

12. WOFCO denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. WOFCO denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. WOFCO denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. WOFCO denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. WOFCO denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. WOFCO denies the allegations in Paragraph 17 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims are barred in whole or in part by 11 U.S.C. § 547(c)(1) because if the transfers alleged in Plaintiff's Complaint were made, they were intended by the Debtor and the transferee to be a contemporaneous exchange for new value, and if such transfers were made, they were in fact a substantially contemporaneous exchange for new value.

2. Plaintiff's claims are barred in whole or in part by 11 U.S.C. § 547(c)(2) because if the transfers alleged in Plaintiff's Complaint were made, they were payments of debt(s) incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and the transferee and were made in the ordinary course of business or financial affairs of the Debtor and the transferee or made according to ordinary business terms.

3. Plaintiff's claims are barred in whole or in part by 11 U.S.C. § 547(c)(4) because if the transfers alleged in Plaintiff's Complaint were made, after the transfers, WOFCO gave new value to or for the benefit of the Debtor.

4. Plaintiff's claims are barred in whole or part because if the transfers alleged in Plaintiff's Complaint were made, they did not enable WOFCO to receive more than it would have received in a Chapter 7 proceeding pursuant to the provisions of Title 11 U.S. C. § 101 et. seq.

5. Plaintiff's claims are barred in whole or in part because, if the transfers alleged in Plaintiff's Complaint were made, on information and belief, Debtor was not insolvent at the time of the alleged transfers.

6. Plaintiff's claims are barred in whole or in part by reason of the earmarking doctrine.

7. Plaintiff's claims are barred in whole or in part because if the transfers alleged in Plaintiff's Complaint were received by WOFCO, they were impressed with an equitable lien and/or constructive trust in its favor.

8. Plaintiff's claims are barred in whole or in part because WOFCO took the transfers alleged in Plaintiff's Complaint for value, in good faith, and without knowledge of the voidability of the transfers to be avoided.

9. Plaintiff's claims are barred in whole or in part because the transfers identified in Plaintiff's Complaint were not transfers of an interest of the Debtor in property.

10. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff seeks an impermissible double recovery in violation of 11 U.S.C. § 550(d) or other applicable law.

11. Plaintiff's claims are barred in whole or in part because WOFCO is not an "insider" as that term is defined by the Bankruptcy Code and other applicable law.

12. Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands, laches, estoppel, inequitable conduct, or *in pari delicto*.

13. Plaintiff's Complaint fails to state claims upon which relief can be granted.

14. WOFCO reserves the right to assert additional affirmative defenses as they may come to light during the course of investigation, discovery or otherwise and reserves the right to amend it Answer to assert these additional defenses to an through the time of trial.

## JURY TRIAL DEMAND

WOFCO hereby demands a trial by jury of all issues so triable. At this time, WOFCO does not consent to the Bankruptcy Judge conducting the jury trial.

**WHEREFORE**, Defendant prays as follows:

1. That Plaintiff take nothing by way of his Complaint;

2. That WOFCO receive an award of costs and attorneys' fees for its defense of this action;

3. That should WOFCO be held liable for any damages in this action, which it denies, that it be granted an allowed claim under 11 U.S.C. § 502(h); and

4. That WOFCO receive such other and further relief as this Court deems just and equitable.


Dated: June 15, 2011          **MASLON EDELMAN BORMAN & BRAND, LLP**


By: /e/ Amy J. Swedberg
    Virginia A. Bell (#149147)
    Amy J. Swedberg (#271019)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
Phone: 612.672.8332
Fax: 612.642.8332

**ATTORNEYS FOR DEFENDANT
WORLD OMNI FINANCIAL CORP.**

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the party against whom the allegations in the pleading are asserted pursuant to Minn. Stat. § 549.211.

/e/ Amy J. Swedberg
Amy J. Swedberg

812517.3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re                                           Chapter 7

Dennis E. Hecker,

         Debtor.

---

Randall L. Seaver, Trustee,

                Plaintiff,                      Adv. No.: 11-05016

vs.

World Omni Financial Corp.,

                Defendant.

---

### UNSWORN CERTIFICATE OF SERVICE

I, Amy J. Swedberg, declare that on June 15, 2011, the following document:

      1.       Answer of Defendant World Omni Financial Corp.

was electronically filed through the Electronic Case Filing System (ECF), to the Filing User, including the following entities:

Matthew R. Burton
mburton@losgs.com

Pursuant to Local Rule 9006-1, the filing constitutes service or notice of the filed documents on the Filing User.

I further certify that a copy of the above-described pleadings were mailed by First Class Mail, postage prepaid, to each entity named below at the address stated below for each entity:

Matthew R. Burton
Leonard, O'Brien, Spencer, Gale & Sayre, Ltd.
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402-1216

Dated: June 15, 2011                    /e/  Amy J. Swedberg
                                        Maslon Edelman Borman & Brand, LLP
                                        3300 Wells Fargo Center
                                        90 South 7th Street
                                        Minneapolis, MN  55402